left the scene of an accident contrary to *N. J. S. A.* 39:4–129(b). *State v. Johnson,* 42 *N. J.* 146, 162 (1964).

Affirmed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EDWARD SANCHEZ, A/K/A ERNESTO GALARZA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 24, 1977—Decided June 6, 1977.

Before Judges HALPERN, ALLCORN and BOTTER.

*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney for appellant (*Mr. David L. Kervick,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Wayne J. Martorelli,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

HALPERN, P. J. A. D.   Pursuant to a plea arrangement, defendant pled guilty to the following charges: (a) Indictment S–977–75 charging breaking and entering the home of Victoria Collins with intent to steal on June 17, 1975; (b) Accusation A–1061–75 charging breaking and entering the premises of Edward Duff with intent to steal on June 18, 1975; (c) Indictment S–979–75 charging breaking and entering the home of Gunther Bechhofer with intent to steal between July 2 and July 4, 1975, and (d) Indictment S–973–75 charging attempted breaking and entering the home of Ervin Flax with intent to steal on July 4, 1975. As agreed, a pending larceny complaint against defendant and additional counts in the indictments were dismissed.

Defendant was sentenced on the above charges to four concurrent three to five-year State Prison terms. The sentences were suspended and defendant was placed on probation for three years and directed to attend and complete a specified drug treatment program. He commenced the program with the approval of the probation department, but abandoned it the following day.

He was charged with, and pled guilty to, violating his probation. He was then sentenced on the three indictments

to State Prison to serve three concurrent three to five-year terms. He was also sentenced to a consecutive three to five-year term on the accusation, but the sentence was suspended and he was placed on probation for three years to commence after the termination of his other sentences.[1]

Defendant poses a novel issue, namely, that the sentences imposed for violation of probation were illegal because they were "split" sentences. The argument is without merit. We are here dealing with four separate offenses for which four separate sentences were imposed. Admittedly, a State Prison sentence cannot be "split" so as to incarcerate a defendant for a designated portion of his sentence and release him on probation for the balance of the unserved term. *N. J. S. A.* 2A:164–16; *State v. Braeunig,* 140 *N. J. Super.* 245 (App. Div. 1976); *State v. Pietrowski,* 136 *N. J. Super.* 383 (App. Div. 1975); *Bonilla v. Heil,* 126 *N. J. Super.* 538 (App. Div. 1974). Here, the trial judge did not partially suspend any of the sentences; he suspended *in toto* the sentence imposed on the accusation.

The suspended sentence imposed on the accusation may result in an overlapping between parole following service of the State Prison term and probation on the suspended sentence, but such does not result in a proscribed "split" sentence. The State Parole Board does not have exclusive jurisdiction under *N. J. S. A.* 30:4–123.5 over defendants on parole. In the instant case if parole and probation run together, it is assumed that the two agencies will decide the terms and manner of defendant's supervision when released.

Finally, defendant's contentions that the trial judge abused his discretion in revoking probation and in imposing the custodial sentences are completely without substance.

Affirmed.

---

[1]We should note here that defendant appealed on January 23, 1976 and escaped on April 19, 1976. He was captured in Florida and returned to New Jersey on February 5, 1977.